UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GCPC LLC ET AL** | **:** | **CIVIL ACTION NO. 2:24-CV-00867** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **OCCIDENTAL CHEMICAL CORP ET AL** | **:** | **MAGISTRATE JUDGE LEBLANC** |

<u>**MEMORANDUM ORDER**</u>

Before the court is Defendants' Motion for Jurisdictional Discovery. Doc. 27. Plaintiffs oppose the motion [doc. 36] and Defendants have replied [doc. 38], making this motion ripe for resolution.

For the reasons stated below, the court finds that the motion should be **GRANTED.**

**I.**
**BACKGROUND**

Plaintiffs GCPC, LLC; William B. Lawton Family Limited Partnership; J. Lawton Company, LLC; PRHP, LLC; DDTP, LLC; Tower and Land Company, LLC; and 2025 West Walnut, LLC (collectively, "Plaintiffs") filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on May 6, 2024, naming as defendants Occidental Chemical Corporation and Indorama Ventures Olefins LLC (collectively, "Defendants"). Doc. 1, att. 1. Plaintiffs seek a judgment confirming that Defendants have no right of access to certain properties pursuant to an expired easement and that Defendants are responsible for the removal of their pipeline and equipment from such properties. *Id.* at ¶ 14.

Defendants timely removed the action to this court on June 27, 2024, invoking this court's diversity subject matter jurisdiction under 28 U.S.C. § 1332. Doc. 1, ¶ 5. In the Notice of Removal, Defendants allege that, upon information available to them, Plaintiffs are all citizens of Louisiana.

*Id.* at ¶ 6.  Defendants further assert that their own citizenships are New York, Texas, Delaware, North Carolina, and the Netherlands. *Id.* at ¶¶ 15-18.  As they found no information indicating that Plaintiffs had a non-diverse member or partner, Defendants removed this action. *Id.* at ¶ 19.

On July 11, 2024, Plaintiffs filed their first Diversity Jurisdiction Disclosure Statement, claiming that each partner or member of each plaintiff are Louisiana citizens other than that of J. Lawton Company, LLC. Doc. 10.  As to J. Lawton Company, Plaintiffs asserted its sole member was JLHC, LLC whose sole member was the Jack E. Lawton, Jr. and Holly Bugg Lawton 2021 Delaware Trust. *Id.* at ¶ II.  They asserted, therefore, that the citizenship of J. Lawton Company, LLC was based on the citizenship of the member-trust's trustee, a Delaware corporation. *Id.*

On August 1, 2024, Plaintiffs timely filed a Motion to Remand arguing that removal was improper because both plaintiff J. Lawton Company, LLC and defendant Indorama Ventures Olefins, LLC are citizens of Delaware, making the parties non-diverse. Doc. 14, att. 1.  Defendants then filed the instant Motion for Limited Jurisdictional Discovery. Doc. 27.  The motion asks this court to allow limited discovery regarding the citizenship of Plaintiffs' partners and members to provide Defendants and this court access to necessary jurisdictional facts. *Id.* at p. 1.

After Defendants filed the instant motion, Plaintiffs filed a second Diversity Jurisdiction Disclosure Statement, amending the first to add that plaintiffs GCPC, LLC; PRHP, LLC; and DDTP, LLC also have members whose sole members were trusts with the same Delaware corporation trustee as J. Lawton Company. Doc. 31, pp. 2-3.  Plaintiffs then amended the disclosure statement again by filing a third Diversity Jurisdiction Disclosure Statement. Doc. 32. This disclosure amends their allegation as to GCPC, LLC's citizenship, claiming that the member-trust of GCPC's sole member has a trustee that is domiciled in Louisiana, not Delaware as previously alleged. Doc. 32, ¶ III.

In the instant motion, filed before both of Plaintiffs' amended Diversity Jurisdiction Disclosure Statements [docs. 31 & 32], Defendants assert that limited discovery is warranted as Plaintiffs have "provided inconsistent or incomplete information" about the limited liability companies and trusts that are in the ownership chains of some of the Plaintiffs. Doc. 27, att. 1. p. 13. Defendants further cite the current uncertainty within the courts as to the method of determining citizenship of trusts to support their need for jurisdictional discovery. *Id.*

After filing their two amended Diversity Jurisdiction Disclosure Statements, Plaintiffs argue that no additional information is needed as the sole relevant member-trust, the Jack E. Lawton, 2012 – DSL Trust, is a traditional trust that takes the citizenship of its trustee, a non-diverse citizen of Delaware. Doc. 37, pp. 5-11. Plaintiffs further allege that information concerning the member-trust of J. Lawton Company, LLC's sole member, The Jack E. Lawton, Jr. and Holly Bugg Lawton 2021 Delaware Trust, is irrelevant because Plaintiff mistakenly named J. Lawton Company, LLC as a plaintiff. *Id.* at p. 4. Accordingly, Plaintiffs assert that because they have provided information showing that the trustee of the Jack E. Lawton, 2012 – DSL Trust is a Delaware corporation, neither the Defendants nor this court need additional information to determine whether jurisdiction is proper in the case. *Id.* at p. 12.

In reply, Defendants assert that more information is required as Plaintiffs failed to adequately allege all layers of each plaintiff-entity, contending that blanket statements that all members are Louisiana citizens is insufficient. Doc. 38, p. 2. Defendants further assert that jurisdictional discovery is warranted based on Plaintiffs' own amendments of their Diversity Jurisdiction Disclosure Statements, which show that the layers of each Plaintiff are complex and unclear. *Id.* at pp. 2 & 5. Accordingly, Defendants assert that they are entitled to jurisdictional

discovery as to each plaintiff-entity as Plaintiffs themselves are confused as to the facts within their own control. *Id.* at p. 7.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). However, a federal district court must remand the action to state court if it finds it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of § 1332 require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996). The removing party bears the burden of showing federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Accordingly, the removing party bears the burden of showing that no plaintiff shares citizenship with any defendants involved in the case. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Further, this court has an independent duty to analyze whether subject matter jurisdiction exists. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563, 1570 (1999). Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, there is no dispute that the amount in controversy exceeds $75,000. The dispute here

is whether the parties are completely diverse and, further, whether the parties and this court have enough information to determine the proper citizenship of Plaintiffs.

"[W]hile a court should determine whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (citing *Eckstein Marine Serv., L.L.C. v. Jackson*, 672 F.3d 310, 319-20 (5th Cir. 2012)).  "The party seeking discovery must establish its necessity and does so by making 'clear which specific facts he expects discovery to find.'" *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 902 (5th Cir. 2024) (internal citations omitted) (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021)).  When this discovery is permitted, it must occur "on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).  As with all discovery matters, however, "the question whether to permit jurisdictional discovery is committed to the district court's discretion." *Daniels v. Bull Rogers, Inc.*, No. PE:17-CV-00053, 2018 WL 7297874 at *2 (W.D. Tex. Feb. 5, 2018) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)).

Although asserted before Plaintiffs amended their Diversity Jurisdiction Disclosure Statement, Defendants assert that the issue of subject matter jurisdiction turns on the disputed facts revolving around the citizenship of J. Lawton Company, LLC's sole member, JHLC, LLC, whose sole member is disputed. Doc. 27, att. 1, p. 18.  Specifically, Defendants point out that

> 1) in their Jurisdictional Disclosure Statement [ECF No. 10] and the Candace Affidavit, Plaintiffs allege that J. Lawton Company, LLC's sole member is JHLC, LLC whose sole member is The Jack E. Lawton Jr. and Holly Bugg Lawton 2021 Delaware Trust; 2) in their Corporate Disclosure Statement [ECF No. 13], Plaintiffs allege that JHLC, LLC's sole member is The Jack Lawton 2012 Trust – DSL Trust; and 3) in the Operating

> Agreement for JHLC, LLC provided by Plaintiffs in informal discovery, it identifies the members of JHLC, LLC, as the JEL Norlaw Trust, Succession of Jack E. Lawton, Succession of Dorothy Sonnier Lawton, and Jack E. Lawton, Jr.

*Id.* Further, Defendants claim they need more information regarding the trusts as any documents received regarding the relevant trusts are redacted and fail to disclose the names of the investment or distribution advisors or the trust protectors. *Id.* at p. 20. Accordingly, Defendants claim that more information is needed about who has real and substantial control over the trusts' assets as this may determine citizenship. *Id.* Finally, Defendants ask for more information regarding the domicile and citizenship of other plaintiff-entities for which Plaintiffs have provided only blanket statements of citizenship. *Id.* at p. 21.

Plaintiffs, however, argue that the law is clear that the citizenship of a traditional trust is dependent upon the citizenship of its trustee alone. Doc. 36, p. 7. Accordingly, they claim that because the trust in question is "undisputably" a traditional trust, the provided information regarding its trustee is enough to defeat diversity jurisdiction. *Id.* at p. 11. They also argue that this is the only information Defendants need as they concede that the rest of the trustees are Louisiana citizens. *Id.* at p. 10.

The court agrees with Defendants. For diversity purposes, a partnership's citizenship is determined by the citizenship of all its partners, whether limited or general, and a limited liability company's citizenship is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). If the members themselves are limited liability companies or other entities, "their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be." *Rodidaco, Inc. v. Chesapeake Energy La. Corp.*, No. 18-cv-0316, 2018 WL 3551525 at *1 (W.D. La. July 24, 2018).

As some of the Plaintiffs have members with member-trusts, the trusts' citizenship will play an important role in the determination of this court's jurisdiction. The citizenship of trusts, however, requires more information than that of other business entities. Although Plaintiffs argue it is settled law that the citizenship of a trust is based on that of its trustees [doc. 36, p. 4], "[t]he determination of the citizenship of a trust is not completely settled in the Fifth Circuit." *Barber Bro. Contracting Co., LLC v. Hanover Ins. Co.*, No. CIV.A. 13-105-SDD, 2013 WL 6230335, at *3 (M.D. La. Dec. 2, 2013). As other courts in this district have explained,

> When a trust is a party to a suit, its citizenship for purposes of diversity jurisdiction depends on the nature of the trust. *Algiers Dev. Dist. v. Vista Louisiana, LLC*, No. CV 16-16402, 2017 WL 121127, at *3 (E.D. La. Jan. 12, 2017) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016)). In a traditional trust or when a trustee files a suit in his own name, the citizenship of the trustee controls. *Id.*; *Claret v. Port Richey Auto. Mgmt., LLC*, No. CV 18-5844, 2018 WL 2980068, at *2 (E.D. La. June 14, 2018). However, when a business trust files suit in its organizational name, its citizenship is determined by the citizenship of all of its members. *Claret*, 2018 WL 2980068 at *2 (citing *Americold Realty Tr.*, 136 S. Ct. at 1017). The members of a trust are its beneficiaries. *See id.*

*Ducote v. Louisiana S. R.R., L.L.C.*, No. CV 18-0582, 2018 WL 5993583 at *2 (W.D. La. Oct. 30, 2018), *report and recommendation adopted*, No. CV 18-0582, 2018 WL 5985692 (W.D. La. Nov. 14, 2018); *see also Schleigh v. PTC of Louisiana LLC*, No. 20-CV-0102, 2020 WL 2516165 at *1 (W.D. La. May 15, 2020) ("The citizenship of an ordinary trust is usually that of its trustee, but there are other rules depending on the precise form of the trust.").

The United States Fifth Circuit Court of Appeals in *Bynane v. Bank of New York Mellon for CWMBS, Inc.*, however, held that when a trustee is sued in its own name, the trustee's citizenship is only relevant if "it has sufficiently real and substantial control over the trust's assets." 866 F.3d 351, 358 (5th Cir. 2017). This court has also specifically held that

> A trust also takes the citizenship of its "members." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (determining that a

> Maryland trust's shareholders with "ownership interests" should be considered "members" for citizenship purposes). Under Louisiana law, La. R.S. 9:1801, at trust's "beneficiary is a person for whose benefit the trust is created," suggesting ownership interest analogous to membership in an unincorporated association. A trust can also, however, derive its citizenship from its trustee, depending on the degree of control the trustee exercises over the trust. *GE Oil & Gas, LLC v. Waguespack*, 523 F. Supp. 3d 926, 936 & n. 16 (W.D. La. 2021) (citing 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3606 (3d ed. 1998)).

*Navarre-Myers v. Navarre*, Case No. 2:23-cv-00322, doc. 39, p. 4 (W.D. La. Jan. 2, 2024), report and recommendation adopted, Case No. 2:23-cv-00322, doc. 49 (W.D. La. Feb. 21, 2024). Accordingly, the member-trusts' citizenship may be that of its trustees or that of its beneficiaries depending on the degree of control the trustee exercises over each trust, requiring review of each trust document.

Further, although Plaintiffs concede that limited partners of William B. Lawton Family Limited Partnership and all members of Tower Land Company, LLC and 2025 West Walnut, LLC are Louisiana citizens, "a party may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal–Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999). Accordingly, the court agrees with Defendants that full information regarding the layers and citizenship of *all* plaintiff-entities and member-trusts is necessary to properly assess this court's jurisdiction. Doc. 27, att. 1, p. 21.

In response, Plaintiffs assert that all the trusts are traditional, and that Louisiana law does not require registration, so this documentation need not be provided. Doc. 36, p. 15. Plaintiffs, however, provide the Jack Lawton 2012 Trust document which states that it is a Delaware trust [doc. 37, att. 1, p. 52], where business trusts are permitted and where registration is required.[1]

---

[1] "'Statutory trust' means an unincorporated association which:
(1) Is created by a governing instrument under which property is or will be held, managed, administered, controlled, invested, reinvested and/or operated, or business or professional activities for profit are carried on or will be carried on, by a trustee or trustees or as otherwise provided in the governing instrument for the benefit of such person or

Accordingly, regardless of the nature of the trusts under the laws of other states, there is a discrepancy between Plaintiffs' assertion of controlling Louisiana law and that the relevant trust Plaintiffs provided is governed by Delaware law.  Further, although Plaintiffs explain that J. Lawton Company, LLC was added mistakenly, it is still a party to this action as no action has been taken to amend Plaintiffs' complaint.  Accordingly, the discrepancies regarding the identity of J. Lawton Company, LLC's sole-member's member further demonstrates a need for jurisdictional discovery.  Finally, based on the complex inquiry needed to determine the citizenship of a trust, jurisdictional discovery regarding full information of the member-trusts is necessary in these circumstances.

Defendants have therefore upheld their burden of showing there is disputed facts regarding the citizenship of Plaintiffs and, therefore, that there is a necessity for limited jurisdictional discovery.  Accordingly, Defendants are permitted to propound limited jurisdictional discovery as there are disputed facts around the citizenship of each plaintiff-entity.  Full citizenship information of each plaintiff and each member/partner thereto, including the trust documents of each member-trust, must be provided to allow Defendants and the court to determine whether there is subject matter jurisdiction over this case.

### III.
#### CONCLUSION

For the reasons stated,

**IT IS ORDERED** the Defendants' Motion for Limited Jurisdictional Discovery [Doc. 27] is **GRANTED**.  Thus,

---

persons as are or may become beneficial owners or as otherwise provided in the governing instrument, including but not limited to a trust of the type known at common law as a 'business trust' . . ." Del. Code tit. 12, § 3801.  "Every statutory trust shall file a certificate of trust in the office of the Secretary of State." Del. Code tit. 12, § 3810.

**IT IS FURTHER ORDERED** that the parties shall have forty-five (45) days from the date of this order to conduct discovery regarding the citizenship of each member and partner of Plaintiffs, specifically, the member-trusts, the domicile of each trustee and beneficiary thereto, and who has sufficiently real and substantial control over each member-trusts' assets.

**IT IS FURTHER ORDERED** that upon conclusion of the limited jurisdictional period, Defendants shall file any opposition to plaintiffs' motion to remand within fifteen (15) days. Plaintiffs may then submit a response to any opposition within ten (10) days of Defendants' filing.

**THUS DONE AND SIGNED** in chambers this 29th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**