UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| G C P C L L C ET AL | CASE NO. 2:24-CV-00867 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| OCCIDENTAL CHEMICAL COR ET AL | MAGISTRATE JUDGE LEBLANC |

**MEMORANDUM ORDER**

Before the court are three motions to seal documents related to the parties' briefing on whether jurisdictional discovery is necessary in this matter:

- *Defendants' Unopposed Motion for Leave to File Under Seal* (the "Defendants' First Motion to Seal") [doc. 28] seeks to file under seal the unredacted version of their *Memorandum in Support of Motion for Limited Jurisdictional Discovery* and documents referenced therein as Exhibits A–C.  *See* docs. 27-28.[1]

- *Plaintiffs' Unopposed Motion for Leave to File Under Seal* (the "Plaintiffs' Motion to Seal") [doc. 35] seeks to file under seal an unredacted version of *Plaintiffs' Opposition to Motion for Limited Jurisdictional Discovery*, along with two exhibits.  *See* docs. 36-37.[2]

- *Defendants' Unopposed Motion for Leave to File Under Seal* (the "Defendants' Second Motion to Seal") [doc. 39] seeks to file under seal an exhibit to *Defendants' Reply in Support of Motion for Limited Jurisdictional Discovery*.  *See* docs. 38-39.[3]

---

[1] The redacted version of the *Memorandum in Support of Motion for Limited Jurisdictional Discovery* and placeholder exhibits appear on the docket as doc. 27, atts. 1, 3-5.  The unredacted and conditionally sealed versions of these documents appear on the docket as doc. 28, att. 3 (memo) and doc. 28, atts. 4–6 (exhibits).

[2] The unsealed version of the *Plaintiffs' Opposition to Motion for Limited Jurisdictional Discovery* appears on the docket as doc. 36.  A conditionally sealed version of the opposition memorandum appears on the docket as doc. 37, and attached to it are two conditionally sealed exhibits, doc. 37, atts. 1–2.

[3] The unsealed version of the *Defendants' Reply in Support of Motion for Limited Jurisdictional Discovery* appears on the docket at doc. 38.  The conditionally sealed exhibit thereto appears on the docket at doc. 39, att. 3.

1

For the following reasons, **IT IS HEREBY ORDERED** that the motions to seal [docs. 28, 35, and 39] are **DENIED** and the unredacted versions of the memoranda and exhibits shall be filed into the record.

### DISCUSSION

The information the parties seek to file under seal was produced in informal discovery in an attempt to ascertain the citizenship of the Plaintiffs, non-corporate entities, for the purposes of determining whether this Court may exercise federal diversity jurisdiction over this matter. Pursuant to an Agreed Protective Order ("APO"), Plaintiffs marked that information "Confidential." *Id.* In each of the memoranda in support of the motions to seal, the parties assert the same non-specific basis for sealing the referenced information: the information to be sealed includes "confidential and proprietary business information about the numerous entities and natural persons that comprise GCPC, LLC, William B. Lawton Family Limited Partnership, J. Lawton Company, LLC, PRHP, LLC, DDTP, LLC, 2024 West Walnut, LLC, and Tower Land Company, LLC" (collectively, the "Plaintiffs"). Doc. 28, att. 1, p. 2; doc. 35, att. 1, p. 2; doc. 39, att. 1, p. 2. This amounts to an assertion that the material should be sealed because it is confidential. As required by the APO, the parties move to seal that information, but do so without providing a more substantial explanation of why it should be sealed from the public's view.

The public enjoys presumptive access to documents filed on the Court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Court has a "solemn duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* at 419–20 (internal quotation marks and additional citations omitted). The

United States Fifth Circuit Court of Appeals recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*
>
> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g., BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.
>
> [ . . . ]
>
> That said, public information cannot be sealed. *June Med. Servs.*, 22 F.4th at 520. And the district court must also consider whether alternative measures, such as redaction or pseudonymity, would instead sufficiently protect the privacy interests at issue. *See, e.g., United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (noting that redaction is often, but not always, "practicable and appropriate as the least restrictive means of safeguarding sensitive information").

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2–3 (5th Cir. Mar. 7, 2024)(footnotes omitted). A party's interest in sealing information that competitors would use to its disadvantage can overcome the public's right to access judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Only a specific threat of competitive harm may justify sealing. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

Neither the motion to seal being unopposed nor the documents at issue being designated as "confidential" pursuant to the parties' Agreed Protective Order is dispositive or alone sufficient to warrant an order placing the documents under seal. *See Sealed Appellant*, 2024 WL 980494 at *2 (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019)); *see also Wash World Inc. v. Belanger Inc.*, 666 F. Supp. 3d 808, 833 (E.D. Wis. 2023), *appeal dismissed*, No. 2023-1841, 2023 WL 5955228 (Fed. Cir. Sept. 13, 2023) ("Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to establish the good cause necessary to warrant restricting documents from the public."); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562, 575–76 (D. Mont. 2021) ("the Confidentiality Agreement is not dispositive of whether the documents should remain sealed under the 'compelling reasons' standard." (citation omitted)). Instead, "[t]he secrecy of judicial records, *including stipulated secrecy*, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421 (emphasis added).

The Court has conducted its review and denies the motions to seal without prejudice, finding no obviously commercially sensitive information, only ownership structure and citizenship information, which is provided for the purpose of assessing whether there is diversity jurisdiction in this matter. There are no trade secrets, pricing, operational processes, or other such competitive business information.

Exhibits A–C, which Defendants seek to seal via Defendants first Motion to Seal, largely contain information already in the public record. Exhibit A to the motion for jurisdictional discovery is a table that summarizes what Defendants know of the ownership structure of the Plaintiffs, all of which are unincorporated associations who derive citizenship from their members. Doc. 28, att. 4 (unredacted version of placeholder at Doc. 27, att. 3). The first four columns

summarize what Plaintiffs have already said about the membership of various entities in the Plaintiff's diversity disclosure statement [doc. 10], corporate disclosure statement [doc. 13], motion to remand [doc. 14] and affidavit supporting the motion to remand [doc. 14, att. 2]. Only the fifth column provides information drawn from confidential "Documents Produced by Plaintiff," and the information in that column consists entirely of the names of various entities that are named in Operating Agreements as members of various other entities. On the face of these documents, there is no compelling reason to protect this information from disclosure.

Exhibit B to the motion for jurisdictional discovery is the proposed jurisdictional discovery Defendants seek leave to serve on Plaintiffs. Doc. 28, att. 5 (unredacted version of placeholder at Doc. 27, att. 4). Like the table, this document reveals only the ownership structure of various entities. Because the jurisdictional discovery requests are themselves the subject of a contested motion, there is a compelling reason for those requests to be made part of the record. The requests themselves are fairly extensive, and to the extent such extensive discovery is justified, it is justified by the information Defendants pull together in the ownership table and the arguments they make about unresolved uncertainties and inconsistencies as to the makeup of various entities in Plaintiffs' ownership structure.

Exhibit C consists of printouts from the Notary Search feature of the Louisiana Secretary of State's website, publicly available information. Doc. 28, att. 6 (unredacted version of placeholder at Doc. 27, att. 5). There is no reason to seal this information.

The exhibits Plaintiffs seek to seal via Plaintiffs' Motion to Seal are a copy of the Jack Lawton 2021 Trust Agreement and a letter from Plaintiffs' counsel to Defendants' counsel clarifying Plaintiffs' position on the motion for jurisdictional discovery. Doc. 37, att. 1-2. Again, there is no facially apparent reason to seal these documents. The Defendants' Second Motion to

5

Seal seeks to seal a redlined version of Exhibit A, the table of entities. Doc. 38, att. 1. It does not require sealing for the reasons discussed above.

Although there may be sensitive information in these documents and privacy interests to protect, without a more specific statement of the nature of those privacy interests, the court cannot undertake the "line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419-21. Further, when the Court takes up the pending motion to remand, consideration of which has been stayed pending the Court's determination as to the necessity of limited jurisdictional discovery [docs. 14, 26], it may be necessary for the Court to review and reference some or all of that information to make a determination as to the citizenship of the parties and whether diversity jurisdiction exists in this matter. Accordingly, the motions to seal are denied.

**SO ORDERED** at Lake Charles, Louisiana, this 29th day of September, 2025.

_____
**THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE**